MONROE, Judge,
concurring in part and dissenting in part.
I agree with the result reached in this case. However, I believe that § 30-2-8, Code of Alabama 1975, the statute that allows the trial court to use its discretion in deciding whether to prohibit a divorcing spouse to remarry, is vague and unconstitutional.
The wife contends that § 30-2-8 violates the Due Process Clause of the United States Constitution because it deprives her of the right to marry. Under a due process analysis, this court must apply the “strict scrutiny test” to a statute that infringes upon a fundamental right. Plitt v. Griggs, 585 So.2d 1317, 1324 (Ala.1991) (citing Gideon v. Alabama State Ethics Commission, 379 So.2d 570 (Ala.1980)). If a statute interferes with a fundamental right, the state must show the statute serves a compelling state interest and that the statute is necessary to achieve that interest. Schad v. Borough of Mount Ephraim, 452 U.S. 61, 68, 101 S.Ct. 2176, 2182-83, 68 L.Ed.2d 671 (1981); Dunn v. Blumstein, 405 U.S. 330, 338-39, 92 S.Ct. 995, 1001-02, 31 L.Ed.2d 274 (1972).
Section 30-2-8 specifically deals with the right of a party to a divorce to remarry. The statute says in pertinent part:
“In making his judgment, the judge shall, as the evidence and the nature of the case may warrant, direct whether the party against whom the judgment of divorce is made be permitted to marry again, and where in judgments no order is made disallowing the party the right to marry again, the party shall be deemed to have the right to remarry, subject to the restrictions set out in § 30-2-10. In eases where the right is affirmatively disallowed to the divorced party to remarry, it shall be competent for the judge, upon motion and proper proof, to allow the moving party to marry again, as justice may seem to require.”
As the majority points out, the United States Supreme Court has recognized that “the right to marry is of fundamental importance,” Zablocki v. Redhail, 434 U.S. 374, 383, 98 S.Ct. 673, 679, 54 L.Ed.2d 618 (1978), and has established that “the right to marry is part of the fundamental ‘right of privacy’ implicit in the Fourteenth Amendment’s Due Process Clause.” Id. In discussing the right to marry, the Supreme Court said,
“We deal with a right of privacy older than the Bill of Rights — older than our political parties, older than our school system. Marriage is a coming together for better or for worse, hopefully enduring, and intimate to the degree of being sacred. It is an association that promotes a way of life, not causes; a harmony in living, not political faiths; a bilateral loyalty, not commercial or social projects. Yet it is an association for as noble a purpose as any involved in our prior decisions.”
Griswold v. Connecticut, 381 U.S. 479, 486, 85 S.Ct. 1678, 1682, 14 L.Ed.2d 510 (1965).
Because § 30-2-8 interferes with one’s fundamental right to marry, the state must show a compelling interest for having the statute. The statute does not suggest what interest the state is trying to promote in prohibiting some divorcing people from remarrying. Additionally, I believe it is important to note that the attorney general waived participation in this action. The state has offered this court no interest, compelling or otherwise, that the statute was designed to serve. The majority says that “it is not *834 difficult to conceive of instances where sufficient important state interests exist where the exercise of a trial court’s discretionary-authority to prohibit remarriage may be justified, such as mental illness, public health concerns, or fraud.” Granted, these examples could be compelling state interests. But to pass constitutional muster, the statute also must be narrowly tailored to achieve that interest.
Section 30-2-8 gives the trial court unbridled discretion to decide who cannot remarry. The statute is broadly written to allow the trial court to forbid a party’s remarriage “as the evidence and nature of the case may warrant.” Further, the trial court can prevent a party from remarrying until “proper proof’ is shown as to why the party should be allowed to remarry. Nothing in the statute guides the trial court as to what cases may warrant prohibiting the remarriage of the parties. The same conduct or condition that would cause one judge to prevent a party from remarrying might be entirely permissible under another judge. Because of the broad discretion the statute gives to trial courts, similarly situated parties in the same circuit may or may not be allowed to remarry based simply upon the luck of the draw as to which trial court hears their divorces. Clearly, the statute is too vague and cannot pass constitutional muster. Regardless of what compelling state interests the majority thinks the statute might advance, the statute is not tailored narrowly enough to achieve only those interests.
Portions of § 30-2-8 interfere with the fundamental right of marriage. The state has not come forth with any compelling interest that is advanced by the statute. Even if there were a compelling state interest involved, the statute is not drawn narrowly enough to achieve only that interest. It is for these reasons that I would hold that those portions of § 30-2-8 allowing a trial court to prohibit a divorcing party from remarrying are unconstitutional.